**THORNTON DAVIDSON**, #166487
The ERISA Law Group
2055 San Joaquin Street
Fresno, California 93721-2717
Telephone:    (559) 256-9800
Facsimile:    (559) 256-9795
e-mail:thorntondavidson@aol.com

Attorneys for Plaintiff, PATRICIA TURA

UNITED STATES DISTRICT COURT FOR

THE NORTHERN DISTRICT OF CALIFORNIA

PATRICIA TURA, ) Case No.:
)
    Plaintiff, ) **COMPLAINT FOR DECLARATORY**
v. ) **RELIEF**
)
LEAPFROG ENTERPRISES, INC. )
EMPLOYEE BENEFIT PLAN, )
)
    Defendant. )
_____ )

Plaintiff Patricia Tura ("Plaintiff") alleges as follows:

### JURISDICTION

1.    Plaintiff's claims for relief arise under the Employee Retirement Income Security Act of 1974, as amended ("ERISA"), 29 U.S.C. section 1132(a)(1) and (3). Pursuant to 29 U.S.C. section 1331, this court has jurisdiction over this action because this action arises under the laws of the United States of America. 29 U.S.C. section 1132(e)(1) provides for federal district court jurisdiction of this action.

### VENUE/INTRADISTRICT ASSIGNMENT

2.    Venue is proper in the Northern District of California in that Plaintiff is and was a resident of San Francisco, California, San Francisco County, California, when it terminated Plaintiff's short term ("STD") and long term ("LTD") disability benefits. Therefore, 29 U.S.C. section 1132(e)(2) provides for venue in this court in the San Francisco Division.

**PARTIES**

3. Plaintiff is, and at all times relevant hereto was, a participant, as that term is defined by 29 U.S.C. section 1000(7), of the LeapFrog Enterprises, Inc. Employee Benefit Plan ("the Plan") which was part of the LeapFrog Enterprises, Inc. Employee Benefit Plan, Policy No.: 119254-1G, which was issued by Metropolitan Life Insurance Company in which LeapFrog Enterprises, Inc. participates, and thereby is entitled to receive benefits therefrom. Plaintiff was a beneficiary because she was an employee of LeapFrog Enterprises, Inc., which established the short term and long term Plan.

4. Defendant the Plan is an employee welfare benefit plan organized and operating under the provisions of ERISA, 29 U.S.C. section 1001 et seq.

5. Defendant the Plan insured both STD and LTD benefits under the same policy number.

**FIRST CLAIM FOR DECLARATORY RELIEF**
(For Declaratory Relief That Plaintiff Is Entitled The Remainder of her STD Benefits–
Against Defendant Plan)

6. Metropolitan Life Insurance Company insured the Plan and acted on behalf of the Plan in all matters alleged herein.

7. Plaintiff was employed by LeapFrog, Inc. as a Senior Director of Product Development.

8. The Plan provides STD benefits after an elimination period of seven days.

9. In order to be eligible for STD benefits, under the Plan, an employee must meet the Plan's definition of total disability. The Plan defines total disability for STD benefits as follows:

> "Disabled or Disability means that due to Sickness or as a direct result of accidental Injury:
> *   You are receiving Appropriate Care and Treatment and complying with the requirement of such treatment; and
> *   You are unable to earn:
> *   For Short Term Benefits,
>     *   More than 80% of Your Predisability Earnings at Your Own Occupation."

10. Plaintiff became eligible for and received STD benefits.

11. By letter dated March 4, 2007, Defendant terminated her STD benefits.

12. By letter dated November 1, 2007, Plaintiff appealed the termination of her STD

benefits.

13. Defendant did not respond to Plaintiff's appeal of the termination of her STD benefits.

14. At all times mentioned herein Plaintiff was, and continues to be totally disabled under the terms of the Plan.

15. To date Defendant the Plan has failed and refused, and continues to fail and refuse to decide Plaintiff's appeal for STD benefits in violation of the requirements of 29 U.S.C. §2560.503-1(j).

16. This Court is required to review the denial of Plaintiff's LTD benefits de novo because MetLife did not exercise its discretion when it failed to timely decide Plaintiff's appeal for STD benefits.

17. Plaintiff has exhausted all administrative remedies required to be exhausted under the terms of the Plan, except insofar as she has been prevented from doing so by virtue of Defendant's acts, as further alleged in Paragraph 15, above.

18. The Plan's termination of Plaintiff's short term disability benefits was arbitrary and capricious, an abuse of discretion, and a violation of the terms of the Plan.

19. An actual controversy has arisen and now exists between Plaintiff and the Plan with respect to whether Plaintiff is entitled to short term disability benefits under the terms of the Plan.

20. Plaintiff contends, and the Plan disputes, that Plaintiff is entitled to benefits under the terms of the Plan for short term disability because Plaintiff contends, and Defendant the Plan disputes, that Plaintiff is totally disabled.

21. Plaintiff desires a judicial determination of her rights and a declaration as to which party's contention is correct, together with a declaration that the Plan is obligated to pay the remainder of her short term disability benefits, under the terms of the Plan, retroactive to the first day of her termination of benefits, until and unless such time that Plaintiff is no longer eligible for such benefits under the terms of the Plan.

22. A judicial determination of these issues is necessary and appropriate at this time under the circumstances described herein in order that the parties may ascertain their respective

rights and duties, avoid a multiplicity of actions between the parties and their privities, and promote judicial efficiency.

23.   As a proximate result of Defendant's wrongful conduct as alleged herein, Plaintiff was required to obtain the services of counsel to obtain the benefits to which she is entitled under the terms of the Plan. Pursuant to 29 U.S.C. section 1132(g)(1), Plaintiff requests an award of attorney's fees and expenses as compensation for costs and legal fees incurred to pursue Plaintiff's rights under the terms of the Plan.

**SECOND CLAIM FOR RELIEF**
(For Declaratory Relief That Plaintiff Is Entitled to LTD Benefits–
Against Defendant Plan)

30.   Plaintiff incorporates by reference paragraphs 1-7 of this Complaint.

31.   The Plan provides LTD benefits after an elimination period of 180 days which, for a person under the age of 60 at the time the disability occurred, as was Plaintiff herein, such benefits potentially could continue until age 65.

32.   Plaintiff completed her elimination period and applied for LTD benefits.

33.   In order to be eligible for benefits under the LTD Plan, an employee must meet the Plan's definition of total disability. The Plan defines total disability, as follows:

> "'Disabled' or 'Disability' means that, due to sickness, pregnancy or accidental injury, you are receiving Appropriate Care and Treatment from a Doctor on a continuing basis; and
>
> 1.   During the Elimination Period and the next 24 months of sickness or accidental injury, more than 80% of Your Predisability Earnings at Your Own Occupation from any employer in Your Local Economy; and
>
> 2.   after such period, more than 80% of your Predisability Earnings from any employer in Your Local Economy at any gainful occupation for which you are reasonably qualified taking into account Your training, education, experience."

34.   This Court is required to review the termination of Plaintiff's LTD benefits with minimal deference to the LTD Plan's determination because:

A.   MetLife is both the administrator and the funding source for the LTD Plan, and therefore has a conflict of interest;

---

COMPLAINT FOR DECLARATORY RELIEF

4

  B.  The LTD Plan fiduciaries utilized medical experts to review Plaintiff's who had a financial conflict of interest, and therefore did not provide a neutral, independent review process; and

  C.  The LTD Plan fiduciaries failed to comply with ERISA's procedural requirements regarding benefit claims procedures and full and fair review of benefit claim denials.

35. Plaintiff has exhausted all administrative remedies required to be exhausted under the terms of the Plan.

36. The Plan's denial of Plaintiff's long-term disability benefits was arbitrary and capricious, an abuse of discretion, and a violation of the terms of the Plan.

37. An actual controversy has arisen and now exists between Plaintiff and the LTD Plan with respect to whether Plaintiff is entitled to long term disability benefits under the terms of the Plan.

38. Plaintiff contends, and the Plan disputes, that Plaintiff is entitled to benefits under the terms of the Plan for long term disability because Plaintiff contends, and Defendant the Plan disputes, that Plaintiff is totally disabled.

39. Plaintiff desires a judicial determination of her rights and a declaration as to which party's contention is correct, together with a declaration that the Plan is obligated to pay long term disability benefits, under the terms of the Plan, retroactive to the first day of the denial of her eligibility, until and unless such time that Plaintiff is no longer eligible for such benefits under the terms of the Plan.

40. A judicial determination of these issues is necessary and appropriate at this time under the circumstances described herein in order that the parties may ascertain their respective rights and duties, avoid a multiplicity of actions between the parties and their privities, and promote judicial efficiency.

41. As a proximate result of Defendant's wrongful conduct as alleged herein, Plaintiff was required to obtain the services of counsel to obtain the benefits to which she is entitled under the

terms of the Plan. Pursuant to 29 U.S.C. section 1132(g)(1), Plaintiff requests an award of attorney's fees and expenses as compensation for costs and legal fees incurred to pursue Plaintiff's rights under the terms of the Plan.

WHEREFORE, Plaintiff prays judgment as follows:

1. For declaratory judgment against Defendant the Plan, requiring the Plan to pay short term disability benefits under the terms of the Plan to Plaintiff for the period to which she is entitled to such benefits, with prejudgment interest on all unpaid benefits.

2. For declaratory judgment against the Plan, requiring the Plan to pay long term disability benefits to Plaintiff, under the terms of the Plan, for the period from the date her long term disability benefits were denied until Plaintiff attains the age of 65 or is no longer totally disabled under the terms of the Plan.

3. For attorney's fees pursuant to statute.

4. For costs of suit incurred.

5. For such other and further relief as the Court deems just and proper.

Dated: May 23, 2008

*/s/ Thornton Davidson*
THORNTON DAVIDSON
Attorney for Plaintiff,
PATRICIA TURA

---

COMPLAINT FOR DECLARATORY RELIEF

# CIVIL COVER SHEET

The JS 44 civil cover sheet and the information contained herein neither replace nor supplement the filing and service of pleadings or other papers as required by law, except as provided by local rules of court. This form, approved by the Judicial Conference of the United States in September 1974, is required for the use of the Clerk of Court for the purpose of initiating the civil docket sheet. (SEE INSTRUCTIONS ON PAGE TWO OF THE FORM.)

## I. (a) PLAINTIFFS
ATRICIA TURA

## DEFENDANTS
LEAPFROG ENTERPRISES, INC. EMPLOYEE BENEFIT PLAN

(b) County of Residence of First Listed Plaintiff  San Francisco
(EXCEPT IN U.S. PLAINTIFF CASES)

County of Residence of First Listed Defendant
(IN U.S. PLAINTIFF CASES ONLY)
NOTE:  IN LAND CONDEMNATION CASES, USE THE LOCATION OF THE LAND INVOLVED.

(c) Attorney's (Firm Name, Address, and Telephone Number)

Thornton Davidson
The ERISA Law Group
2055 San Joaquin Street
Fresno, CA 93721        (559)256-9800

Attorneys (If Known)

## II. BASIS OF JURISDICTION (Place an "X" in One Box Only)

- [ ] 1  U.S. Government Plaintiff
- [ ] 2  U.S. Government Defendant
- [X] 3  Federal Question (U.S. Government Not a Party)
- [ ] 4  Diversity (Indicate Citizenship of Parties in Item III)

## III. CITIZENSHIP OF PRINCIPAL PARTIES (Place an "X" in One Box for Plaintiff and One Box for Defendant) (For Diversity Cases Only)

|  | PTF | DEF |  | PTF | DEF |
|---|---|---|---|---|---|
| Citizen of This State | ☐ 1 | ☐ 1 | Incorporated or Principal Place of Business In This State | ☐ 4 | ☐ 4 |
| Citizen of Another State | ☐ 2 | ☐ 2 | Incorporated and Principal Place of Business In Another State | ☐ 5 | ☐ 5 |
| Citizen or Subject of a Foreign Country | ☐ 3 | ☐ 3 | Foreign Nation | ☐ 6 | ☐ 6 |

## IV. NATURE OF SUIT (Place an "X" in One Box Only)

| CONTRACT | TORTS | | FORFEITURE/PENALTY | BANKRUPTCY | OTHER STATUTES |
|---|---|---|---|---|---|
|  | PERSONAL INJURY | PERSONAL INJURY |  |  |  |
| ☐110 Insurance | ☐310 Airplane | ☐362 Personal Injury— Med. Malpractice | ☐610 Agriculture | ☐422 Appeal 28 USC 158 | ☐400 State Reapportionment |
| ☐120 Marine | ☐315 Airplane Product Liability | ☐365 Personal Injury — Product Liability | ☐620 Other Food & Drug | ☐423 Withdrawal 28 USC 157 | ☐410 Antitrust |
| ☐130 Miller Act | ☐320 Assault, Libel & Slander | ☐368 Asbestos Personal Injury Product Liability | ☐625 Drug Related Seizure of Property 21 USC 881 |  | ☐430 Banks and Banking |
| ☐140 Negotiable Instrument | ☐330 Federal Employers' Liability |  | ☐630 Liquor Laws | PROPERTY RIGHTS | ☐450 Commerce |
| ☐150 Recovery of Overpayment & Enforcement of Judgment | ☐340 Marine | PERSONAL PROPERTY | ☐640 R.R. & Truck | ☐820 Copyrights | ☐460 Deportation |
| ☐151 Medicare Act | ☐345 Marine Product Liability | ☐370 Other Fraud | ☐650 Airline Regs. | ☐830 Patent | ☐470 Racketeer Influenced and Corrupt Organizations |
| ☐152 Recovery of Defaulted Student Loans (Excl. Veterans) | ☐350 Motor Vehicle | ☐371 Truth in Lending | ☐660 Occupational Safety/Health | ☐840 Trademark | ☐480 Consumer Credit |
| ☐153 Recovery of Overpayment of Veteran's Benefits | ☐355 Motor Vehicle Product Liability | ☐380 Other Personal Property Damage | ☐690 Other |  | ☐490 Cable/Sat TV |
| ☐160 Stockholders' Suits | ☐360 Other Personal Injury | ☐385 Property Damage Product Liability | LABOR | SOCIAL SECURITY | ☐810 Selective Service |
| ☐190 Other Contract |  |  | ☐710 Fair Labor Standards Act | ☐861 HIA (1395ff) | ☐850 Securities/Commodities/ Exchange |
| ☐195 Contract Product Liability |  |  |  | ☐862 Black Lung (923) | ☐875 Customer Challenge 12 USC 3410 |
| ☐196 Franchise |  |  | ☐720 Labor/Mgmt. Relations | ☐863 DIWC/DIWW (405(g)) | ☐890 Other Statutory Actions |
| REAL PROPERTY | CIVIL RIGHTS | PRISONER PETITIONS | ☐730 Labor/Mgmt.Reporting & Disclosure Act | ☐864 SSID Title XVI | ☐891 Agricultural Acts |
| ☐210 Land Condemnation | ☐441 Voting | ☐510 Motions to Vacate Sentence | ☐740 Railway Labor Act | ☐865 RSI (405(g)) | ☐892 Economic Stabilization Act |
| ☐220 Foreclosure | ☐442 Employment | Habeas Corpus: | ☐790 Other Labor Litigation |  | ☐893 Environmental Matters |
| ☐230 Rent Lease & Ejectment | ☐443 Housing/ Accommodations | ☐530 General | ☒791 Empl. Ret. Inc. Security Act | FEDERAL TAX SUITS | ☐894 Energy Allocation Act |
| ☐240 Torts to Land | ☐444 Welfare | ☐535 Death Penalty |  | ☐870 Taxes (U.S. Plaintiff or Defendant) | ☐895 Freedom of Information Act |
| ☐245 Tort Product Liability | ☐445 Amer. w/Disabilities - Employment | ☐540 Mandamus & Other | IMMIGRATION | ☐871 IRS—Third Party 26 USC 7609 | ☐900 Appeal of Fee Determination Under Equal Access to Justice |
| ☐290 All Other Real Property | ☐446 Amer. w/Disabilities – Other | ☐550 Civil Rights | ☐462 Naturalization Application |  |  |
|  | ☐440 Other Civil Rights | ☐555 Prison Condition | ☐463 Habeas Corpus – Alien Detainee |  | ☐950 Constitutionality of State Statutes |
|  |  |  | ☐465 Other Immigration Actions |  |  |

## V. ORIGIN (Place an "X" in One Box Only)
- [X] 1 Original Proceeding
- [ ] 2 Removed from State Court
- [ ] 3 Remanded from Appellate Court
- [ ] 4 Reinstated or Reopened
- [ ] 5 Transferred from another district (specify)
- [ ] 6 Multidistrict Litigation
- [ ] 7 Appeal to District Judge from Magistrate Judgment

## VI. CAUSE OF ACTION
Cite the U.S. Civil Statute under which you are filing (Do not cite jurisdictional statutes unless diversity):
29 C.F.R. 1132

Brief description of cause:
Employee benefits

## VII. REQUESTED IN COMPLAINT:
☐ CHECK IF THIS IS A CLASS ACTION UNDER F.R.C.P. 23     DEMAND $ Dec. Relief
CHECK YES only if demanded in complaint:
JURY DEMAND:  ☐ Yes  ☒ No

## VIII. RELATED CASE(S) IF ANY
PLEASE REFER TO CIVIL L.R. 3-12 CONCERNING REQUIREMENT TO FILE "NOTICE OF RELATED CASE".

## IX. DIVISIONAL ASSIGNMENT (CIVIL L.R. 3-2)
(PLACE AND "X" IN ONE BOX ONLY)
☒ SAN FRANCISCO/OAKLAND    ☐ SAN JOSE

DATE
May 23, 2007

SIGNATURE OF ATTORNEY OF RECORD
*Thornton Davidson*

# INSTRUCTIONS FOR ATTORNEYS COMPLETING CIVIL COVER SHEET FORM JS 44

## Authority For Civil Cover Sheet

he JS 44 civil cover sheet and the information contained herein neither replaces nor supplements the filings and service of pleading or other papers as required w, except as provided by local rules of court. This form, approved by the Judicial Conference of the United States in September 1974, is required for the use e Clerk of Court for the purpose of initiating the civil docket sheet. Consequently, a civil cover sheet is submitted to the Clerk of Court for each civil complaint . The attorney filing a case should complete the form as follows:

**(a) Plaintiffs-Defendants.** Enter names (last, first, middle initial) of plaintiff and defendant. If the plaintiff or defendant is a government agency, use only ull name or standard abbreviations. If the plaintiff or defendant is an official within a government agency, identify first the agency and then the official, giving name and title.

**(b) County of Residence.** For each civil case filed, except U.S. plaintiff cases, enter the name of the county where the first listed plaintiff resides at the time ling. In U.S. plaintiff cases, enter the name of the county in which the first listed defendant resides at the time of filing. (NOTE: In land condemnation cases, ounty of residence of the "defendant" is the location of the tract of land involved.)

**(c) Attorneys.** Enter the firm name, address, telephone number, and attorney of record. If there are several attorneys, list them on an attachment, noting is section "(see attachment)".

**Jurisdiction.** The basis of jurisdiction is set forth under Rule 8(a), F.R.C.P., which requires that jurisdictions be shown in pleadings. Place an "X" in one e boxes. If there is more than one basis of jurisdiction, precedence is given in the order shown below.

ed States plaintiff. (1) Jurisdiction based on 28 U.S.C. 1345 and 1348. Suits by agencies and officers of the United States are included here.

ed States defendant. (2) When the plaintiff is suing the United States, its officers or agencies, place an "X" in this box.

eral question. (3) This refers to suits under 28 U.S.C. 1331, where jurisdiction arises under the Constitution of the United States, an amendment to the stitution, an act of Congress or a treaty of the United States. In cases where the U.S. is a party, the U.S. plaintiff or defendant code takes precedence, and box 2 should be marked.

ersity of citizenship. (4) This refers to suits under 28 U.S.C. 1332, where parties are citizens of different states. When Box 4 is checked, the citizenship of the erent parties must be checked. (See Section III below; federal question actions take precedence over diversity cases.)

**Residence (citizenship) of Principal Parties.** This section of the JS 44 is to be completed if diversity of citizenship was indicated above. Mark this section each principal party.

**Nature of Suit.** Place an "X" in the appropriate box. If the nature of suit cannot be determined, be sure the cause of action, in Section VI below, is sufficient nable the deputy clerk or the statistical clerks in the Administrative Office to determine the nature of suit. If the cause fits more than one nature of suit, select most definitive.

**Origin.** Place an "X" in one of the seven boxes.

ginal Proceedings. (1) Cases which originate in the United States district courts.

noved from State Court. (2) Proceedings initiated in state courts may be removed to the district courts under Title 28 U.S.C., Section 1441. When the petition removal is granted, check this box.

nanded from Appellate Court. (3) Check this box for cases remanded to the district court for further action. Use the date of remand as the filing date.

nstated or Reopened. (4) Check this box for cases reinstated or reopened in the district court. Use the reopening date as the filing date.

nsferred from Another District. (5) For cases transferred under Title 28 U.S.C. Section 1404(a). Do not use this for within district transfers or multidistrict ration transfers.

ltidistrict Litigation. (6) Check this box when a multidistrict case is transferred into the district under authority of Title 28 U.S.C. Section 1407. When this box hecked, do not check (5) above.

peal to District Judge from Magistrate Judgment. (7) Check this box for an appeal from a magistrate judge's decision.

**Cause of Action.** Report the civil statute directly related to the cause of action and give a brief description of the cause. **Do not cite jurisdictional statutes**
less diversity.          Example:          U.S. Civil Statute: 47 USC 553
                                            Brief Description: Unauthorized reception of cable service

I. **Requested in Complaint.** Class Action. Place an "X" in this box if you are filing a class action under Rule 23, F.R.Cv.P.

mand. In this space enter the dollar amount (in thousands of dollars) being demanded or indicate other demand such as a preliminary injunction.

y Demand. Check the appropriate box to indicate whether or not a jury is being demanded.

II. **Related Cases.** This section of the JS 44 is used to reference related pending cases if any. If there are related pending cases, insert the docket numbers l the corresponding judge names for such cases.

**te and Attorney Signature.** Date and sign the civil cover sheet.