THORNTON DAVIDSON, #166487
The ERISA Law Group
2055 San Joaquin Street
Fresno, California 93721-2717
Telephone:   (559) 256-9800
Facsimile:   (559) 256-9795
e-mail:thorntondavidson@aol.com

Attorneys for Plaintiff, PATRICIA TURA

UNITED STATES DISTRICT COURT FOR

THE NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| PATRICIA TURA,<br><br>　　　　　Plaintiff,<br>v.<br><br>METROPOLITAN LIFE INSURANCE COMPANY,<br><br>　　　　　Defendant. | Case No.: CV 08-2653 EMC<br><br>**FIRST AMENDED COMPLAINT FOR DECLARATORY RELIEF** |

　　　　Plaintiff Patricia Tura ("Plaintiff") alleges as follows:

### JURISDICTION

　　　　1.　　Plaintiff's claims for relief arise under the Employee Retirement Income Security Act of 1974, as amended ("ERISA"), 29 U.S.C. section 1132(a)(1) and (3). Pursuant to 29 U.S.C. section 1331, this court has jurisdiction over this action because this action arises under the laws of the United States of America. 29 U.S.C. section 1132(e)(1) provides for federal district court jurisdiction of this action.

### VENUE/INTRADISTRICT ASSIGNMENT

　　　　2.　　Venue is proper in the Northern District of California in that Plaintiff is and was a resident of San Francisco, California, San Francisco County, California, when Defendant terminated Plaintiff's short term ("STD") and long term ("LTD") disability benefits. Therefore, 29 U.S.C. section 1132(e)(2) provides for venue in this court in the San Francisco Division.

# PARTIES

3. Plaintiff is, and at all times relevant hereto was, a participant, as that term is defined by 29 U.S.C. section 1000(7), of the LeapFrog Enterprises, Inc. Employee Benefit Plan ("the Plan") which was part of the LeapFrog Enterprises, Inc. Employee Benefit Plan, Policy No.: 119254-1G, which was issued by Metropolitan Life Insurance Company ("MetLife") in which LeapFrog Enterprises, Inc. participates, and thereby is entitled to receive benefits therefrom. Plaintiff was a beneficiary because she was an employee of LeapFrog Enterprises, Inc., which established the short term and long term Plan.

4. Defendant MetLife insured the Plan and acted on behalf of the Plan in all matters alleged herein and is legally responsible for all claims Plaintiff presents herein.

## FIRST CLAIM FOR DECLARATORY RELIEF
(For Declaratory Relief That Plaintiff Is Entitled The Remainder of her STD Benefits–
Against Defendant Plan)

5. The Plan is an employee welfare benefit plan organized and operating under the provisions of ERISA, 29 U.S.C. section 1001 et seq.

6. Plaintiff was employed by LeapFrog, Inc. as a Senior Director of Product Development.

7. The Plan provides STD benefits after an elimination period of seven days.

8. In order to be eligible for STD benefits, under the Plan, an employee must meet the Plan's definition of total disability. The Plan defines total disability for STD benefits as follows:

> "Disabled or Disability means that due to Sickness or as a direct result of accidental Injury:
> *   You are receiving Appropriate Care and Treatment and complying with the requirement of such treatment; and
> *   You are unable to earn:
> *   For Short Term Benefits,
>     *   More than 80% of Your Predisability Earnings at Your Own Occupation."

9. Plaintiff became eligible for and received STD benefits.

10. By letter dated March 4, 2007, Defendant MetLife terminated her STD benefits.

11. By letter dated November 1, 2007, Plaintiff appealed the termination of her STD benefits to MetLife.

12. MetLife did not respond to Plaintiff's appeal of the termination of her STD

---
FIRST AMENDED COMPLAINT FOR DECLARATORY RELIEF
2

benefits.

13. At all times mentioned herein Plaintiff was, and continues to be totally disabled under the terms of the Plan.

14. To date Defendant MetLife has failed and refused, and continues to fail and refuse to decide Plaintiff's appeal for STD benefits in violation of the requirements of 29 U.S.C. §2560.503-1(j).

15. This Court is required to review the denial of Plaintiff's STD benefits de novo because MetLife did not exercise its discretion when it failed to timely decide Plaintiff's appeal for STD benefits.

16. Plaintiff has exhausted all administrative remedies required to be exhausted under the terms of the Plan, except insofar as she has been prevented from doing so by virtue of Defendant's acts, as further alleged in Paragraph 14, above.

17. MetLife's termination of Plaintiff's short term disability benefits was arbitrary and capricious, an abuse of discretion, and a violation of the terms of the Plan.

18. An actual controversy has arisen and now exists between Plaintiff and MetLife with respect to whether Plaintiff is entitled to short term disability benefits under the terms of the Plan.

19. Plaintiff contends, and MetLife disputes, that Plaintiff is entitled to benefits under the terms of the Plan for short term disability because Plaintiff contends, and Defendant MetLife disputes, that Plaintiff is totally disabled.

20. Plaintiff desires a judicial determination of her rights and a declaration as to which party's contention is correct, together with a declaration that MetLife is obligated to pay the remainder of her short term disability benefits, under the terms of the Plan, retroactive to the first day of her termination of benefits, until and unless such time that Plaintiff is no longer eligible for such benefits under the terms of the Plan.

21. A judicial determination of these issues is necessary and appropriate at this time under the circumstances described herein in order that the parties may ascertain their respective rights and duties, avoid a multiplicity of actions between the parties and their privities, and promote judicial efficiency.

22. As a proximate result of Defendant's wrongful conduct as alleged herein, Plaintiff was required to obtain the services of counsel to obtain the benefits to which she is entitled under the terms of the Plan. Pursuant to 29 U.S.C. section 1132(g)(1), Plaintiff requests an award of attorney's fees and expenses as compensation for costs and legal fees incurred to pursue Plaintiff's rights under the terms of the Plan.

## SECOND CLAIM FOR RELIEF
(For Declaratory Relief That Plaintiff Is Entitled to LTD Benefits–
Against Defendant Plan)

23. Plaintiff incorporates by reference paragraphs 1-6 of this Complaint.

24. The Plan provides LTD benefits after an elimination period of 180 days which, for a person under the age of 60 at the time the disability occurred, as was Plaintiff herein, such benefits potentially could continue until age 65.

25. Plaintiff completed her elimination period and applied for LTD benefits.

26. In order to be eligible for benefits under the LTD Plan, an employee must meet the Plan's definition of total disability. The Plan defines total disability, as follows:

> "'Disabled' or 'Disability' means that, due to sickness, pregnancy or accidental injury, you are receiving Appropriate Care and Treatment from a Doctor on a continuing basis; and
>
> 1. During the Elimination Period and the next 24 months of sickness or accidental injury, more than 80% of Your Predisability Earnings at Your Own Occupation from any employer in Your Local Economy; and
>
> 2. after such period, more than 80% of your Predisability Earnings from any employer in Your Local Economy at any gainful occupation for which you are reasonably qualified taking into account Your training, education, experience."

27. This Court is required to review the denial of Plaintiff's LTD benefits with minimal deference to the LTD Plan's determination because:

A. MetLife is both the administrator and the funding source for the LTD Plan, and therefore has a conflict of interest;

B. The LTD Plan fiduciaries utilized medical experts to review Plaintiff's who had a financial conflict of interest, and therefore did not provide a neutral,

FIRST AMENDED COMPLAINT FOR DECLARATORY RELIEF
4

independent review process; and

C. The LTD Plan fiduciaries failed to comply with ERISA's procedural requirements regarding benefit claims procedures and full and fair review of benefit claim denials.

28. Plaintiff has exhausted all administrative remedies required to be exhausted under the terms of the Plan.

29. MetLife's denial of Plaintiff's long-term disability benefits was arbitrary and capricious, an abuse of discretion, and a violation of the terms of the Plan.

30. An actual controversy has arisen and now exists between Plaintiff and the MetLife with respect to whether Plaintiff is entitled to long term disability benefits under the terms of the Plan.

31. Plaintiff contends, and MetLife disputes, that Plaintiff is entitled to benefits under the terms of the Plan for long term disability because Plaintiff contends, and Defendant MetLife disputes, that Plaintiff is totally disabled.

32. Plaintiff desires a judicial determination of her rights and a declaration as to which party's contention is correct, together with a declaration that MetLife is obligated to pay long term disability benefits, under the terms of the Plan, retroactive to the first day of the denial of her eligibility, until and unless such time that Plaintiff is no longer eligible for such benefits under the terms of the Plan.

33. A judicial determination of these issues is necessary and appropriate at this time under the circumstances described herein in order that the parties may ascertain their respective rights and duties, avoid a multiplicity of actions between the parties and their privities, and promote judicial efficiency.

34. As a proximate result of Defendant's wrongful conduct as alleged herein, Plaintiff was required to obtain the services of counsel to obtain the benefits to which she is entitled under the terms of the Plan. Pursuant to 29 U.S.C. section 1132(g)(1), Plaintiff requests an award of attorney's fees and expenses as compensation for costs and legal fees incurred to pursue Plaintiff's rights under

FIRST AMENDED COMPLAINT FOR DECLARATORY RELIEF
5

the terms of the Plan.

WHEREFORE, Plaintiff prays judgment as follows:

1. For declaratory judgment against Defendant MetLife, requiring MetLife to pay short term disability benefits under the terms of the Plan to Plaintiff for the period to which she is entitled to such benefits, with prejudgment interest on all unpaid benefits.

2. For declaratory judgment against MetLife, requiring it to pay long term disability benefits to Plaintiff , under the terms of the Plan, for the period from the date her long term disability benefits were denied until Plaintiff attains the age of 65 or is no longer totally disabled under the terms of the Plan.

3. For attorney's fees pursuant to statute.

4. For costs of suit incurred.

5. For such other and further relief as the Court deems just and proper.

Dated: July 15, 2008

        /s/ Thornton Davidson
THORNTON DAVIDSON
Attorney for Plaintiff,
PATRICIA TURA

# PROOF OF SERVICE

STATE OF CALIFORNIA)
COUNTY OF FRESNO   )  ss.

I, Jill A. Fulkes, certify and declare as follows:

I am a citizen of the United States and a resident of the County aforesaid; I am over the age of eighteen years and not a party to the within above entitled action; my business address is 2055 San Joaquin Street, Fresno, California, which is located in the county where the mailing described below took place.

I am readily familiar with the business practice at my place of business for collection and processing of correspondence for mailing with the United Stated Postal Service.  Correspondence so collected and processed is deposited with the United States Postal Service that same day in the ordinary course of business.

On **July 15, 2008**, at Fresno, California, I served the within **FIRST AMENDED COMPLAINT FOR DECLARATORY RELIEF** as follows:

[ ]   by personal delivery of a true copy thereof

[X]   by placing a true copy thereof enclosed in a sealed envelope with postage thereon fully prepaid in the United States at Fresno, California

[X]   by telefax of a true copy thereof

addressed as follows:

Ms. Clarissa A. Kang
TRUCKER ✦ HUSS
A Professional Corporation
120 Montgomery Street, 23rd Floor
San Francisco, CA 94104
415-421-2017

___ (State)   I declare under penalty of perjury under the laws of the State of California that the foregoing is true and correct.

_X_ (Federal)   I declare that I am employed in the office of a member of the bar of this court at whose direction the service was made.

Executed on **July 15, 2008**, at Fresno, California.

_____
Jill A. Fulkes

CASE NO.: CV 08-2653 EMC